

SIMON ARON (State Bar No. 108183)
saron@wrslawyers.com
JOHNNY WHITE (State Bar No. 269306)
jwhite@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN
& RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

Attorneys for Debtors

The following constitutes the order of the Court.
Signed: May 24, 2021

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND/SAN FRANCISCO DIVISIONS

| | |
|---|---|
| In re<br><br>BSK HOSPITALITY GROUP, LLC,<br><br>Debtor. | Case No. 21-40686<br>Case No. 21-40687<br>Case No. 21-30375<br>Case No. 21-40688<br>Case No. 21-40689 |
| In re<br><br>BSK BROADWAY, LLC,<br><br>Debtor. | Chapter 11<br><br>**ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES** |
| In re<br><br>BSK FERRY BUILDING, LLC,<br><br>Debtor. | |
| In re<br><br>B-SIDE BBQ, LLC,<br><br>Debtor. | |
| In re<br><br>THE BROWN SUGAR KITCHEN, LLC,<br><br>Debtor. | |

The Motion of debtors-in-possession BSK Hospitality Group, LLC; BSK Broadway, LLC; BSK Ferry Building, LLC; B-Side BBQ, LLC; and The Brown Sugar Kitchen, LLC, (collectively, the "Debtors") for an Order providing for the joint administration of their Chapter 11 cases came on for consideration on an *ex parte* basis. The Court having determined that joint administration of the these cases is likely to prove less expensive to the parties and beneficial to the estates and it appearing that joint administration will not have a substantive effect or an adverse impact on creditors, and it appearing that prompt notice of the granting of the Motion is adequate and sufficient under the circumstances, and good cause therefore appearing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion be and it is hereby granted;

2. The Chapter 11 cases of BSK Hospitality Group, LLC; BSK Broadway, LLC; BSK Ferry Building, LLC; B-Side BBQ, LLC; and The Brown Sugar Kitchen, LLC, shall be jointly administered in the manner contemplated by Rule 1015(b) of the Federal Rules of Bankruptcy Procedure;

3. Joint administration of these cases shall include the following:

   a. Use of a single docket (*In re BSK Hospitality, LLC,* Case No. 21-40686-CN) for administrative matters, particularly the filing, lodging and docketing of pleadings and orders;

   b. Combined notices to creditors and parties in interest, utilizing the master mailing matrix in the lead case;

   c. The use of a combined caption in the form set forth below:

| | |
|---|---|
| In re<br><br>BSK HOSPITALITY GROUP, LLC,<br>BSK BROADWAY, LLC<br>BSK FERRY BUILDING, LLC,<br>B-SIDE BBQ, LLC,<br>THE BROWN SUGAR KITCHEN, LLC,<br><br>        Debtors. | Case No. 21-40686<br>(Lead Case)<br><br>Chapter 11<br><br>(Administratively Consolidated) |

☒ Affects ALL DEBTORS
☐ Affects BSK HOSPITALITY
☐ Affects BSK BROADWAY
☐ Affects BSK FERRY
☐ Affects BSK B-SIDE BBQ
☐ Affects THE BROWN SUGAR KITCHEN

    d.    The authorization of any professional employed herein to provide services to and seek compensation from any or all of the estates on such basis as the Court may hereafter determine appropriate.

    4.    Joint administration shall not alter the obligation of each Debtor to prepare and submit separately Monthly Operating Reports.

    5.    Notwithstanding joint administration, Proofs of Claim shall be filed separately against any Debtor the creditor asserts to be liable and the claims register in these cases shall be maintained separately for each Debtor by the Clerk of the Court.

    6.    The Debtors shall forthwith give notice to all creditors and parties in interest of the entry of this Order in the form attached as an Exhibit to the Motion.

    7.    Notwithstanding anything to the contrary, the Debtors' cases shall not be substantively consolidated absent entry of a separate Order or confirmation of a Plan of Reorganization to that effect.

\*   \*   \*   END OF ORDER   \*   \*   \*

**COURT'S SERVICE LIST**

All parties are ECF qualified except: